

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 20, 2016

**REQUST TO BE FILED**
**UNDER SEAL**

**BY EMAIL**
The Honorable Richard J. Sullivan
United States District Judge
United States District Court for the
    Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    **United States v. Jona Rechnitz, 16 Cr. 389 (RJS)**

Dear Judge Sullivan:

      On or about July 13, 2016, this Court issued an order directing the Government and counsel for the defendant, Jona Rechnitz, to submit under seal a letter explaining the need for the continued sealing of this matter in light of recent events and public reporting on the defendant's cooperation (the "July 13 Order").[1] The Government respectfully submits this letter in response to the July 13 Order.

BACKGROUND

      On or about June 6, 2016, the defendant pled guilty before Your Honor to a conspiracy to commit honest services fraud, in violation of Title 18, United States Code, Section 1349,

---

[1] On or about June 22, 2016, Janon Fisher, on behalf of online publication DNAinfo New York, submitted a letter to the Court seeking disclosure of information relating to what the letter characterized as a sealed matter involving the plea of a cooperating witness (the "DNAinfo Letter"). On or about June 24, 2016, the Honorable P. Kevin Castel, presiding as Part 1 Judge, directed the Government to submit a response to the DNAinfo Letter that "need not, in the first instance, confirm the existence of any matter that is under seal, but should address the lawfulness of its practices in obtaining sealing and delayed docketing orders and the scope of any right of public access thereto" (the "June 24 Order"). The Government submitted a response on or about July 1, 2016, to the Honorable Andrew L. Carter, presiding as Part 1 Judge, and DNAinfo submitted a reply on or about July 8, 2016. That matter was subsequently assigned to the Honorable Ronnie Abrams, presiding as Part 1 Judge, who then referred it to Your Honor.

pursuant to a cooperation agreement. In advance of the defendant's plea, upon application from the Government, the Court issued an order, dated June 3, 2016, directing that: (1) the Information and related paperwork in this matter be sealed until further order of the Court; (2) the courtroom shall be closed for the defendant's waiver and indictment and plea; (3) the transcript of the defendant's waiver of indictment and plea shall be sealed until further order of the Court; and (4) the docketing of the Information, related charging paperwork, the waiver of indictment and plea shall be delayed until further order of the Court (the "June 3 Order"). The Court concluded that sealing, delayed docketing, and closure of the courtroom was necessary because "active law enforcement investigations would be compromised if the government's application is not granted." (June 3 Order at 1.)

Since the defendant's plea in this case, the Government has charged several individuals based, in part, on the defendant's cooperation, and those cases are also pending in this Court. United States v. Seabrook, 16 Cr. 467 (ALC); United States v. Grant, et al., 16 Cr. 468 (GHW). In connection with those cases, there has been speculation in the press about the defendant's cooperation with the Government. To date, however, the Government has not referred to the defendant by name in any publicly filed document or otherwise.

## ARGUMENT

The Government respectfully submits that continued sealing and delayed docketing in this case is necessary to protect ongoing investigations of additional uncharged targets and the safety of the defendant.

Although there is a qualified right of public access to court documents under the First Amendment and common law, the Second Circuit has recognized that documents may be filed and maintained under seal where an ongoing criminal investigation may be jeopardized or to protect a cooperating defendant's safety. See United States v. Cojab, 996 F.2d 1404, 1408 (2d Cir. 1993) ("we have recognized as additional sufficient reasons for closure and sealing those occasions where an ongoing government investigation may be jeopardized"); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit also has recognized that docketing the applications to seal materials relating to a cooperating witness could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

As a general matter, and in accordance with established Second Circuit precedent, it is the Government's practice to request sealing of materials relating to cooperating witnesses when sealing is necessary to protect the witness's safety, to protect the integrity of ongoing law

enforcement efforts, and/or to protect the secrecy of sensitive matters affecting a criminal proceeding. See, e.g., Cojab, 996 F.2d at 1407-09; Haller, 837 F.2d at 88. In addition, where even notice of an application to seal such materials could alert other individuals to the existence of the cooperating witness, and thus put the witness's safety at risk or jeopardize ongoing investigations, it is the Government's practice to seek delayed docketing of entries relating to cooperating witnesses. See Cojab, 996 F.2d at 1408-09.

      Here, the Government believes that continued sealing of court documents relating to the defendant and delayed docketing are both necessary to protect the integrity of ongoing criminal investigations and the defendant's safety. As noted above, in connection with the defendant's cooperation, he has provided the Government with detailed information concerning his criminal activities and those of his former associates. The Information and the defendant's plea both made reference (although not by name) to other participants in these crimes. Although two cases arising in part from the defendant's information have been indicted, the Government continues to investigate additional crimes and additional individuals. In particular, the Government is actively investigating two additional bribery schemes. First, the Government is actively investigating a fundraiser (the "Fundraiser") for an elected official in connection with promises of official acts made to donors to that elected official ("Elected Official-1"). This Fundraiser had many dealings and interactions with the defendant, including discussions regarding official actions that the Fundraiser would attempt to make happen as a result of the defendant's donations. In addition, the Government is investigating a different elected official ("Elected Official-2") for whom the defendant and others involved in the investigation raised money, with the understanding that the defendant and those other individuals would be appointed to certain positions as a result of their fundraising efforts.

      Rechnitz's cooperation against public officials – as opposed to the law enforcement officials and individuals involved with the Correction Officers Benevolent Association in the charged matters – is evident on the face of the sealed Information in this matter. Beyond that categorical difference, Rechnitz specifically discussed the Fundraiser and Elected Official-2 (although not by name) during his guilty plea allocution. Public disclosure of the limited materials that exist in this matter – the Information and the defendant's plea – could alert these individuals to the existence of the investigations, hindering law enforcement efforts to pursue those investigations. For instance, public disclosure of the defendant's cooperation could provide individuals under investigation an opportunity to obstruct the investigation by tampering with witnesses, destroying documents, or colluding with others involved, among other things.

      Furthermore, should the defendant's identity and court documents be made public, the Government submits that there is a substantial risk to the safety of the defendant and his family. In this case, public reports speculating about the defendant's cooperation have already generated threats against him and his family. The defendant has received voicemails containing such threats. In one, an anonymous caller said "you scumbag, I know where you live, I know who you are, your family."

As noted above, several press reports have speculated about the identity of the defendant. However, a press report suggesting the identity of a cooperating witness "is not the functional equivalent of officially acknowledging the cooperating witness, let alone the information that the witness has provided." See, e.g., United States v. Smith, 985 F. Supp. 2d 506, 533 (S.D.N.Y. 2013). The Government has not officially acknowledged the identity of the defendant. As noted above, the defendant has already been threatened in connection with his cooperation with the Government. Public confirmation of the defendant's case and cooperation creates an even greater risk that these or other individuals who have singled the defendant out, at least for threats, will continue to target him, perhaps more aggressively, at great risk to the defendant and his family. Moreover, officially disclosing the name of the defendant would provide individuals under investigation an opportunity to engage in obstructive behavior as to the ongoing investigations by, among other things, harassing the defendant or other witnesses.

For the foregoing reasons, the Government respectfully requests that the defendant's Information, related charging paperwork, waiver of indictment and plea remain under seal, and that docketing of those materials be delayed until further order of this Court. Counsel for the defendant joins in this request.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: ___/s/___
Martin Bell / Russell Capone / Kan Nawaday / Lauren Schorr
Assistant United States Attorneys
Southern District of New York
(212) 637-5361 / 2247 / 2311 / 2299