UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                            :
UNITED STATES OF AMERICA           EX PARTE
                          :  SEALED AFFIRMATION
     - v. -
                          :  16 Cr. __ (RJS)
JONA RECHNITZ,
                          :
         Defendant.
                          :
- - - - - - - - - - - - - - - - - - x

        RUSSELL CAPONE hereby affirms, under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

        1.    I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government applies for an order of the Court directing that (1) the Information and related charging paperwork in the above-captioned matter be filed under seal until further order of the Court; (2) the Courtroom be closed for the defendant's waiver of indictment and guilty plea on June 6, 2016; (3) the transcript of the defendant's waiver of indictment and guilty plea be sealed until further order of the Court; and (4) docketing of the Information, related charging paperwork, the defendant's waiver of indictment and plea, and the transcript of the defendant's waiver of indictment and plea be delayed until further order of the Court. This Office has received authorization from the Deputy Attorney General of the United

States to request this relief, in accordance with 28 C.F.R. ℂ 50.9(d).

2. The defendant has not yet been charged with any crimes. Rather, the defendant was a target in a Government investigation into municipal corruption and came forward to begin cooperating before being charged. The defendant has agreed to plead guilty pursuant to a cooperation agreement to an Information charging him with conspiracy to commit honest services fraud. A waiver of indictment and guilty plea has been scheduled before this Court for June 6, 2016.

3. The charges to which the defendant will plead guilty stem from a long-running Government investigation into corruption by members of the New York City Police Department ("NYPD"), the Correction Officers Benevolent Association ("COBA"), the Westchester County Executive's Office, and fundraisers for New York City Mayor Bill De Blasio. The defendant has been involved in, and has provided information about, corruption related to (i) expensive gifts provided to high-ranking NYPD members in exchange for official actions as such need arose; (ii) political contributions in exchange for official actions; and (iii) the President of COBA's investment of millions of dollars of COBA money into a Manhattan-based hedge fund in exchange for a kickback payment to the President of COBA.

4. While certain aspects of the investigation have become public and have been the subject of media reports, the full extent

of the investigation, as well as its potential targets, remains highly confidential and is the subject of ongoing grand jury proceedings. If the defendant's guilty plea and cooperation were to become public, the ongoing investigation potentially would be severely jeopardized as potential targets could destroy evidence, flee, or collude with one another to fabricate testimony, among other possible harms to the investigation.

5. This is so for at least three reasons. First, because the defendant's name and role as a large contributor to Mayor De Blasio has already been in the press, the mere fact of his guilty plea, if done publicly, would almost certainly generate widespread media coverage and thereby provide notice to other potential defendants that the defendant may be cooperating and that the Government's investigation has entered a new, more serious stage. Second, additional investigation will need to be completed before charges against some individuals involved in the corruption scheme being investigated can be brought. Third, certain targets of the investigation implicated by the defendant's cooperation have significant overseas ties and present a risk of flight.

6. There also is a potential of other additional harms if the defendant's guilty plea and cooperation are not sealed. The defendant is providing detailed information about, among other things, high-ranking NYPD officials who regularly carry firearms.

3

At the time that the defendant's name was first reported in the press a few weeks ago as linked to the NYPD investigation, he received anonymous threatening calls. In addition, one high-ranking NYPD official who was involved in the investigation and interviewed by the Government recently committed suicide with his work-issued gun.

7. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to, among other things, further ongoing law enforcement efforts, including grand jury investigations, and to prevent danger to persons or property. *See United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995); *United States v. Cojab*, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); *see also* Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. *See United States v. Alcantara*, 396 F.3d 189, 200 n.8 (2d

4

Cir. 2005).

8.  Compelling law enforcement interests support the requested relief in this case.  Aspects of the investigation as to which the defendant is providing information remain confidential and are subject to ongoing investigative efforts by the Government. In addition, as detailed above, there are ample safety-related concerns attendant to the defendant's cooperation.  Exposure of the defendant's charges and cooperation at this point could compromise the ongoing investigation and create unnecessary safety risks.  An order granting the requested relief would greatly reduce the risk that the defendant's cooperation with the Government will be exposed.

9.  The fact of the defendant's charges and cooperation will not be kept sealed for an extended period.  At the point that charges are filed against individuals as to whom the defendant is providing information, it may no longer be possible to maintain the confidentiality of the defendant's cooperation.  As such, the Government proposes that it provide a status update to the Court within 30 days of entry of the proposed attached order.

10. Accordingly, the Government requests that the Court enter an order directing that (1) the Information and related charging paperwork in this matter be sealed until further order of the Court; (2) the courtroom be closed for the defendant's waiver of indictment and plea; (3) the transcript of the defendant's waiver of

indictment and plea be sealed until further order of the Court; and (4) docketing of the Information, related charging paperwork, and the defendant's waiver of Indictment and plea be delayed until further order of the Court.

11. The Government also requests that this Application and any related order be sealed and their docketing delayed until further order of the Court.

12. Further, the Government requests that it shall report to the Court on or before 30 days after execution of the order, regarding the continuing need, if any, to maintain these matters seal.

13. Although this Application has been submitted *ex parte*, I have conferred with defense counsel, Alan Levine and Laura Birger, Esq., who join in and consent to the relief being requested. No prior request for the relief set forth herein has been made.

Dated: New York, New York
June 3, 2016

_____
RUSSELL CAPONE
Assistant United States Attorney
Southern District of New York
Tel.: (212) 637-2247