UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA

-v-

No. 16-cr-389 (RJS)
SEALED ORDER

JONA RECHNITZ,

Defendant.

RICHARD J. SULLIVAN, District Judge:

On July 13, 2016, the Court ordered the parties to explain the need for the continued sealing

of this matter in light of press reports speculating on Defendant's status as a cooperating witness.

Now before the Court is the parties' July 20, 2016 submission, filed under seal, in response to the

Court's order.  Having reviewed the letter, the Court is satisfied of the need for the continued

sealing of this case.

The public's right of access to court proceedings and records is deeply rooted in both our

common law and the First Amendment, and has been recognized by both the United States

Supreme Court and the Court of Appeals for the Second Circuit. *See Richmond Newspapers, Inc.*

*v. Virginia*, 448 U.S. 555, 573 (1980) (presumption of openness of criminal trials); *Nixon v.*

*Warner Communications, Inc.*, 435 U.S. 589, 597–98 (1978) (presumption of open access to

applies to records admitted into evidence in a criminal trial); *see also Harford Courant Co. v.*

*Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) (qualified First Amendment right of access to docket

sheets in civil and criminal cases).  Nevertheless, the common law "right of access is presumptive

and not absolute." *United States v. Wright*, No. 04-cr-0949, 2012 WL 2930181 at *2 (E.D.N.Y.

July 16, 2012) (internal quotation omitted).  To determine whether the presumption prevails, the

Court must balance various public and private interests:

> The weight to be given the presumption . . . must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.  Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.  Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it.  Such countervailing factors include but are not limited to . . . the privacy interests of those resisting disclosure.

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (quoting *United States v. Amodeo*,

71 F.3d 1044, 1048 (2d Cir. 1995) (internal quotations, citations, and alterations omitted)).  The

Second Circuit has recognized that countervailing factors against the presumption of open records

also include the risk of compromising ongoing law enforcement investigations, *see Amodeo*, 71

F.3d at 1050; *see also United States v. Cojab*, 996 F.2d 1404, 1408 (2d Cir. 1993) ("[W]e have

recognized as additional sufficient reasons for closure and sealing those occasions where an

ongoing government investigation may be jeopardized. . . ."), as well as ensuring the safety of

cooperating witnesses, *see id.*

Here, the Court is satisfied that the presumption of open records has been overcome.

According to the government, Defendant is part of several ongoing investigations in which he is

cooperating against individuals who have not yet been indicted.  Although there have been press

reports speculating about the identity of Defendant and his role as a cooperator, the government

has not officially acknowledged that Defendant is in fact cooperating, and the Court has no reason

to doubt the validity of the government's concerns that public disclosure of Defendant's identity

would likely jeopardize the government's investigations.  Specifically, the Court agrees that the

disclosure of the Information and the guilty plea allocution in this case – in which Defendant

discusses individuals who have not yet been indicted – "could alert these individuals to the existence of the investigations." Moreover, in light of the fact that Defendant and his family have already received threats based on the mere speculation that Defendant is cooperating, the Court finds that concerns for Defendant's safety and the safety of his family members also outweigh the presumption of open records.

Accordingly, IT IS HEREBY ORDERED THAT the sealing order in this case shall remain in place and this Order and the previous submissions in this case shall remain under seal until further Order of the Court.  IT IS FURTHER ORDERED THAT the government shall provide a status report by August 25, 2016 – and every 30 days thereafter – regarding the continuing need, if any, for sealing in this matter.

SO ORDERED.

Dated:      July 25, 2016
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE