

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

MEMO ENDORSED

September 12, 2016

**REQUST TO BE FILED**
**UNDER SEAL**

**By Electronic Mail**

The Honorable Richard J. Sullivan
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/17

Re:   **United States v. Jona Rechnitz, 16 Cr. 389 (RJS)**

Dear Judge Sullivan:

   The Government respectfully submits this letter to inform the Court of the need for continued sealing of the matters in this case. For the Court's reference, the Government attaches as Exhibit A, the Government's most recent submission on this matter dated July 20, 2016. (the "July 20 Letter").

   For the reasons set forth below and in the July 20 Letter, the Government believes that continued sealing of court documents relating to the defendant and delayed docketing are both necessary to protect the integrity of ongoing criminal investigations and the defendant's safety.

   *First*, the defendant's cooperation in uncharged cases is ongoing and in particular, the two criminal investigations of political figures described in the July 20 Letter of a fundraiser and two elected officials are ongoing and active. In brief, the Government continues to investigate a fundraiser (the "Fundraiser") for an elected official in connection with promises of official acts made to donors to that elected official ("Elected Official-1"). This Fundraiser had many dealings and interactions with the defendant, including discussions regarding official actions that the Fundraiser would attempt to make happen as a result of the defendant's donations. In addition, the Government is investigating a different elected official ("Elected Official-2") for whom the defendant and others involved in the investigation raised money, with the understanding that the

defendant and those other individuals would be appointed to certain positions as a result of their fundraising efforts.

Public disclosure of the limited materials that exist in this matter – the Information and the defendant's plea – could alert these individuals, as well as witnesses to the conduct being investigated, to the existence of the investigations and have adverse consequences. For one, charges have not yet been brought against the potential targets, two of whom are public elected officials. Thus, premature public disclosure of the defendant's cooperation *before* formal charges have been brought could have an effect on the interests of those public officials and the government and public bodies they oversee, and also could hamper the Government's ability to continue to effectively investigate these cases. Moreover, public disclosure of the defendant's cooperation could provide individuals under investigation an opportunity to obstruct the investigation by tampering with witnesses, destroying documents, or colluding with others involved, among other things. *See United States v. Cojab*, 996 F.2d 1404, 1408 (2d Cir. 1993) ("we have recognized as additional sufficient reasons for closure and sealing those occasions where an ongoing government investigation may be jeopardized"); *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation).

*Second*, the Government respectfully submits that continued sealing is necessary to ensure the continued safety of the defendant. Although the Government is unaware of any additional threats to the defendant since the submission of the July 20 Letter, official disclosure of the defendant's identity and cooperation would likely lead to renewed threats against him or his family. As noted in the July 20 Letter, press reports merely speculating about the defendant's cooperation resulted in the defendant receiving threatening voicemails. An official acknowledgement of the defendant's identity as a cooperator would inevitably create an even greater risk that individuals who have singled the defendant out, at least for threats, will continue to target him, perhaps more aggressively, at great risk to the defendant and his family. Moreover, officially disclosing the name of the defendant would provide individuals under investigation an opportunity to engage in obstructive behavior as to the ongoing investigations by, among other things, harassing the defendant or other witnesses.

*Third*, the sealing of this case would not be indefinite. The defendant may testify in a case pending before the Honorable Katherine B. Forrest in *United States v. Peralta*, 16 Cr. 354 (KBF), which is scheduled for trial on November 28, 2016 – the Government notes, however, that defense counsel has sought an adjournment of that trial date until May 2017. Further, the next pretrial conferences in the other two charged cases in which the defendant may testify -- *United States v. Grant, et al.*, 16 Cr. 468 (GHW) and *United States v. Seabrook, et al.*, 16 Cr. 467 (ALC), are scheduled for October 2016 and November 2016, respectively. No trial dates have been set in *Seabrook* and *Grant*. However, once the defendant's identity is officially disclosed as a witness in any of these cases, the necessity for continued sealing will have dissipated, and the Government will of course apprise the Court of any such change in circumstance affecting the need for continued sealing in this case.

For the foregoing reasons, the Government respectfully requests that the defendant's Information, related charging paperwork, waiver of indictment and plea remain under seal, and that docketing of those materials be delayed until further order of this Court. Counsel for the defendant joins in this request.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Martin Bell / Russell Capone / Kan M. Nawaday / Lauren Schorr
Assistant United States Attorneys
Southern District of New York
(212) 637-5361 / 2247 / 2311 / 2299

Attch.

Cc: Alan Levine, Esq.
Laura Birger, Esq.
Counsel for the Defendant
(By electronic mail)

```
IT IS HEREBY ORDERED THAT, for the reasons previously stated by the
Court, the sealing order in this case shall remain in place and this
Order and the previous submissions in this case shall remain under
seal until further Order of the Court.  IT IS FURTHER ORDERED THAT
the government shall provide a status report by October 6, 2016 --
and every 30 days thereafter -- regarding the continuing need, if
any, for sealing in this matter.
```

SO ORDERED
Dated: 9/12/16

RICHARD J. SULLIVAN
U.S.D.J.

3