UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
UNITED STATES OF AMERICA,            :  **ORDER DENYING MOTION**
                                                               :  **FOR RESTITUTION**
        -against-                                       :
                                                               :  16 Cr. 389 (AKH)
JONA RECHNITZ,                                 :
                                                               :
                            Defendant.       :
                                                               :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

On December 20, 2019, I sentenced Defendant Jona Rechnitz for conspiracy to commit wire fraud. At that time, I ordered, *inter alia*, Defendant to pay restitution in the amount of $19 million, joint and several with his two co-conspirators, Norman Seabrook and Murray Huberfeld, *see* 16 Cr. 467. I ordered Rechnitz to make restitution payments at a rate of $500,000 per year. However, unlike his co-conspirators, I ordered that Defendant's restitution liability be capped at $10 million. *See* ECF No. 80 (sentencing).

On February 27, 2020, after imposition of the sentence but before the judgment was filed, the Correction Officers' Benevolent Association ("COBA") moved to amend the sentence to recognize COBA's full right to restitution, as a victim of the Rechnitz-Huberfeld-Seabrook conspiracy. COBA moved, pursuant to the Crime Victims' Rights Act ("CVRA"), *see* 18 U.S.C. § 3771, for an order requiring Defendant Rechnitz to pay immediately the balance still owing to COBA, $14.25 million, after having recouped $4.75 million from Huberfeld.[1] In its motion, COBA argues a compelling point, that Rechnitz, as the arranger of the bribe underlying the conspiracy, was just as responsible to make full restitution for COBA's loss as Huberfeld, the

---

[1] Huberfeld, Seabrook, and Rechnitz each have filed appeals from the court's restitution orders, among other issues.

bribe-giver, and Seabrook, the bribe-taker. COBA argues that it was wrong for me to be swayed by the government's and Rechnitz's pleas at the sentencing that Rechnitz's cooperation should result in a lesser restitution obligation for Rechnitz. In seeking immediate repayment, COBA points to my finding that the financial information supplied by Rechnitz to Probation was unreliable, and COBA provides information elicited in a California lawsuit, post-sentencing, that raises serious doubts about the truth of Rechnitz's claim that he cannot afford to make payments more quickly than $500,000 per year, or in an amount more than $10 million in total.[2] *See* ECF Nos. 81, 82; *see also Cf., e.g., United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000) ("Surely, however, there would be a remedy that would permit the gathering of assets that were unknown to the authorities as the result of a defendant's dishonesty.").

Although I am sympathetic to COBA's arguments and its efforts to gain restitution on behalf of the pension rights of the New York City correction officers, I am without jurisdiction to grant the relief they seek.

On March 3, 2020, I issued the court's judgment. *See* ECF No. 84. COBA's motion was filed on February 27, 2020, after sentencing but before the judgment was filed. Rechnitz filed his opposition to COBA's motion on March 12, 2020, *see* ECF No. 85, and filed a notice of appeal on March 17, 2020, *see* ECF No. 86.

As "a general matter, '[t]he filing of a notice of appeal is an event of jurisdictional significance——it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see also, e.g., New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1349

---

[2] *See Noval v. Rechnitz, et al.*, Cal. Sup. Ct., Complaint (Feb. 10, 2020) (available at ECF No. 83-2).

2

(2d Cir. 1989) ("Because it is a waste of judicial resources for two courts to be considering the same issues in the same case at the same time, the filing of a notice of appeal is jurisdictionally significant; it terminates the district court's consideration and control over those aspects of the case that are on appeal."). Accordingly, the "district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." *Rodgers*, 101 F.3d at 251. While this "divestiture of jurisdiction rule is … not a per se rule," but rather a "judicially crafted rule …. guided by concerns of efficiency," *id.*, the exceptions to this rule are inapplicable here, *see, e.g., United States v. Zedner*, 55 F.3d 68, 83 (2d Cir. 2008) (Pooler, J., dissenting) (collecting cases involving exceptions), and the fact remains that "if an appeal is taken from a judgment determining the entire action, the district court's hands are tied," *Terry*, 886 F.2d at 1350.

In light of the foregoing principles, COBA's motion for restitution is denied without prejudice. COBA must seek relief from the Second Circuit. *See* 18 U.S.C. § 3771(d)(3) ("If the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus.").[3]

The Clerk is directed to terminate the open motion (ECF No. 81).

SO ORDERED.

Dated: March 26, 2020  
    New York, New York
            _____/s/_____  
            ALVIN K. HELLERSTEIN  
            United States District Judge

---

[3] One housekeeping note. As Defendant's briefing points out, COBA made a number of pre-sentencing undocketed submissions stating COBA's position that Rechnitz ought to be held liable for the full $19 million in restitution under the Mandatory Victims Restitution Act, *see* 18 U.S.C. § 3664A, although none of these submissions formally moved for payment to be made to COBA under the CVRA. Because COBA's motion here is dismissed on jurisdictional grounds, I do not reach Defendant's contention regarding timeliness, *i.e.*, Defendants argue that COBA's earlier submissions convert the present motion into one for reconsideration, which in turn renders the instant motion untimely under Local Criminal Rule 49.1(d). Nor do I consider whether 18 U.S.C. § 3771(d)(5) permits COBA to reopen a sentence under these circumstances, given that they had an opportunity to be heard at the sentencing through a COBA representative. *See* 18 U.S.C. § 3771(d)(5)(a) (victims may reopen a sentence "only if" they assert the right to be heard in the relevant proceeding and that right "was denied").