SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
————
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212.735.3483
DIRECT FAX
917.777.3483
EMAIL ADDRESS
CHRISTOPHER.GUNTHER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

August 18, 2020

**BY ECF**
Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

                      RE:      Opposition to Jona Rechnitz's Motion for an Extension (16-CR-389 (AKH))

Dear Judge Hellerstein:

      We write on behalf of our client, the New York City Corrections Officers' Benevolent Association (COBA) in response to the letter filed by Cooley LLP on August 14, 2020. In addition to $14.01 million in uncompensated loss on its investments in Platinum Partners, COBA lost an additional $3.02 million in legal fees as a result of Jona Rechnitz's criminal scheme and the resulting government investigation. (ECF No. 83-1 at 3.) This Court has broad discretion to fashion an order that will force Rechnitz to respect judicially imposed deadlines and honor his legal and moral obligation to make his victim whole expeditiously. *United States v. Richard*, 738 F.2d 1120, 1122 (10th Cir. 1984) (noting the district court's "substantial discretion over the entire process"). Without this Court's intervention, Rechnitz will persist in his pattern of delay and avoidance, as described below. The time has come for Rechnitz to be under Court order to make immediate repayment of COBA's loss.

Hon. Alvin K. Hellerstein
August 18, 2020
Page 2

By statute, CVRA motions are to be addressed "forthwith." 18 U.S.C. § 3771(d)(3). Pursuant to the Court's scheduling Order of July 31, 2020, Rechnitz was required to file his brief in opposition to COBA's renewed motion under the Crime Victims' Rights Act ("CVRA") by Friday, August 14, 2020. But Rechnitz filed nothing. Instead, just hours before his filing was due, Rechnitz simply sent Cooley LLP a two-sentence email saying he was writing "pro se" in order "to request that I be given until 9/30/2020 to file any papers in response." (ECF No. 95-2 at 2.) Rechnitz's requested adjournment of nearly seven weeks is more than twice the time this Court set to have this matter fully briefed by both parties. (ECF No. 93 at 2).

Rechnitz's email further stated "I am no longer represented by Alan Levine" of Cooley and "need to secure substitute counsel." (ECF No. 95-2 at 2). But the Second Circuit relieved Cooley as Rechnitz's counsel more than three months ago, on May 7, 2020. *In re N.Y.C. Correction Officers' Benevolent Ass'n*, No. 20-1400 (2d Cir. May 25, 2020) (Dkt. 20). In addition, Rechnitz retained the law firm on Cohen Williams LLP as his new counsel. Cohen Williams LLP aggressively represented Rechnitz before the Second Circuit in opposition to COBA's mandamus petition, filing not only Rechnitz's brief in opposition but also other filings, including an unsuccessful application to extend the Second Circuit briefing schedule through the end of November 2020. Resp't's Mot. to Consolidate at 8, *In re N.Y.C. Correction Officers' Benevolent Ass'n*, No. 20-1400 (Dkt. 28).

Rechnitz's email to Cooley offered no explanation why Cohen Williams is not appearing before Your Honor in the wake of the Second Circuit's ruling returning jurisdiction to this Court. Cohen Williams is continuing to represent Rechnitz in other pending matters. For example, Cohen Williams is representing Rechnitz's business, Jadelle Jewelry & Diamonds, in a separate civil proceeding in the Superior Court of California. *Isreal Sam Gorodistian v. Jadelle Jewelry and Diamonds, LLC,* No. 20STCV07425 (Super. Ct. Cal. Feb. 20, 2020). The law firm filed a motion for a stay of proceedings on August 12, 2020. Thus, two days before Rechnitz emailed Cooley that he lacked representation, the law firm that represented him on this matter before the Second Circuit continued to file papers on Rechnitz's behalf in California.

When Rechnitz has perceived it to be in his interest, he has promptly engaged other law firms as well. For example, in the bankruptcy proceedings against Jadelle Jewelry & Diamonds, Rechnitz's business has been represented by counsel from Smiley Wang-Ekvall, LLP and the Rechnitzs have been personally represented by attorneys David Zolkin and Derrick Talerico. In just four months, Rechnitz, either through his business, his wife, or by himself, has made almost 40 filings, the last of which was on July 24, 2020. *In re Jadelle Jewelry & Diamonds, LLC*, No. 2:20-bk-

Hon. Alvin K. Hellerstein
August 18, 2020
Page 3

13530-BR (Bankr. C.D. Cal. June 23, 2020) (ECF No. 121).  Judge Barry Russell of the United States Bankruptcy Court for the Central District of California has described Rechntiz's efforts "to obstruct the [bankruptcy] trustee in the exercise of his statutory duties."  Mem. Decision at 4, *In re Jadelle Jewelry & Diamonds, LLC*, No. 2:20-bk-13530-BR (ECF No. 83).  Judge Russell went on to highlight the "debtor's continued bad faith allegations" in the bankruptcy proceedings and "pattern of stonewalling in order to resist any and all efforts to provide vital information regarding its creditors."  *Id.* at 6, 8.

Rechnitz's purported need to find substitute counsel – while the law firm which represented him before the Second Circuit continues to work on his behalf in other matters – is simply a stalling tactic to delay any and all obligations to COBA.  Rechnitz's eleventh-hour email to Cooley is the latest episode in a pattern of obstruction and obfuscation: he sought to stall proceedings at the Second Circuit, in his bankruptcy proceeding, and now here.  This pattern is all the more worrying given Judge Russell's observation that assets "may have been dissipated by the Rechnitzs."  *Id.*at 9.

Enough is enough.  COBA has played by the rules at every stage of these proceedings.  We respectfully submit that in view of Rechnitz's failure to meet his burden to provide the Court with reliable evidence of his financial condition, and his failure to timely file any opposition to COBA's renewed CVRA motion, the Court should now order Rechnitz to make full and immediate repayment of COBA's outstanding loss.

Respectfully submitted,

/s/ Christopher J. Gunther