UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                                              :

UNITED STATES OF AMERICA,          :   **ORDER DENYING MOTION FOR REASSIGNMENT**

          -against-                                     :

                                                          :   16 Cr. 389 (AKH)

JONA RECHNITZ,                               :

                                                          :

                                Defendant.     :

                                                          :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J:

       Defendant Jona Rechnitz moves to have the restitution aspects of his sentencing reassigned to another judge. As reason, he refers to my recusal from re-sentencing Murray Huberfeld, 16-cr-467. The Correction Officers' Benevolent Association ("COBA"), the victim of Rechnitz' crime, opposes the motion. ECF No. 114. For the following reasons, Rechnitz' motion is denied.

       Pursuant to the mandate of the Court of Appeals, I was to re-sentence Huberfeld and set December 15, 2020 as the date for the re-sentencing hearing. Shortly before that date, Huberfeld's counsel moved for my recusal. *See* Huberfeld Letter, ECF No. 115-1. Huberfeld argued that Andrew Kaplan, a close friend of my family and a former officer of Huberfeld's former company, Platinum Partners, was a defendant in the Eastern District of New York, and had pleaded guilty to making misrepresentations to investors about that company's financial condition. Huberfeld argued that Kaplan blamed Huberfeld and other officers of Platinum Partners for his troubles and was concerned that I would be influenced in sentencing Huberfeld by Kaplan's alleged animus towards Huberfeld, or that there might be a reasonable appearance of the same.

Kaplan's father, who died more than 10 years ago, was my close friend, and his family and mine have been close for 55 years. I told his son after his father died that I would be available to him to discuss any problem he might have, as if I were his father. When Kaplan was indicted and was offered a plea in exchange for his cooperation, he came to me to help him think through his options. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. He asked me if he could discuss his concerns with me. Although Kaplan had an excellent defense lawyer, he felt that I had unique knowledge of his family concerns and I felt that I should consider his request as if it were made by my son and help him think through his options. *See* Code of Conduct for United States Judges, Canon 4A(5)(a judge may give legal advice to his family members). I did not discuss the underlying facts or law of the case against Kaplan; those were issues for Kaplan's lawyer, not for me.

My relationship with Andrew Kaplan, and the case against Kaplan in the Eastern District of New York, has nothing to do with my sentencing, or re-sentencing, of Huberfeld, or of the restitution issues involving Rechnitz. I sentenced Huberfeld for a bribe he promised, and then gave, to Norman Seabrook, President of COBA, in exchange for Seabrook's investment of $20 million of COBA's funds, substantially all the money in its pension fund, into Platinum Partners. COBA lost $19 million of the investment. A jury found Seabrook guilty of honest services fraud. I sentenced Seabrook to 58 months custody and $19 million of restitution to COBA, jointly and severally with Huberfeld and Rechnitz. I considered, at Huberfeld's sentence, that the bribe giver was as culpable as the bride taker and that COBA, not Platinum Partners, was the victim of Huberfeld's bribe. Applying the Sentencing Guidelines as I interpreted them, I sentenced Huberfeld to 30 months of custody and $19 million of restitution, jointly and severally with Seabrook and Rechnitz. The case in the Eastern District of New York against Kaplan and

other managers of Platinum Partners was not an issue in Huberfeld's sentence, nor was my disclosed relationship with Kaplan. The reversal by the Court of Appeals as to the restitution aspect of Huberfeld's sentence, and its remand of the custodial aspect for resentencing, does not involve Kaplan, or any issue relating to Kaplan or his feelings about Huberfeld.

A judge is required to hear all cases to which he is assigned and dispose of them promptly, Code of Conduct, Canon 3A(2), (5), unless he is disqualified, or his impartiality as judge might reasonably be questioned. Canon 3C; 28 U.S.C. § 455. Huberfeld's arguments, however, introduced a new and personal element into the controversy. The re-sentencing of Huberfeld should be about Huberfeld, not me, and as such, it was best to recuse.

However, Rechnitz is not similarly situated to Huberfeld. Rechnitz was not associated with Platinum Partners, and there is no suggestion that he had any relationship with Kaplan. My relationship with Kaplan does not present a ground for disqualifying me from hearing and deciding the issue remanded to me by the Court of Appeals to reconsider Rechnitz's culpability in relation to restitution of COBA and his financial capability to do so.

Rechnitz expresses concern that I may have "extra record information" as to the condition of Platinum Partners. *See* Rechnitz Letter 2. I do not have such information, and the financial condition of Platinum Partners is not an issue in sentencing Rechnitz. As I said when sentencing Rechnitz, this proceeding does not turn on "Mr. Rechnitz's belief in the soundness of Platinum Partners as an investment vehicle." *Id*. It turns on whether Rechnitz, the bribe-facilitator, is culpable for the full extent of COBA's losses resulting from the bribe, or some lesser amount. That remains the issue, and the Court of Appeals' remand asks me to re-assess that issue, and Rechnitz' financial capability to pay the loss.

Accordingly, Rechnitz' motion to disqualify is denied.  The Clerk shall terminate ECF No. 113.

SO ORDERED.

Dated: December 17, 2020              /s/
New York, New York             ALVIN K. HELLERSTEIN
            United States District Judge