UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,                  :
                                                                        :  **ORDER TO DISCLOSE**
 -against-                                                       :
                                                                        :  16 Cr. 389 (AKH)
JONA RECHNITZ,                                       :
                                                                        :
                                          Defendant.  :
                                                                        :
                                                                        :
-------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        The Court of Appeals for the Second Circuit mandated this Court to reconsider Defendant's culpability and financial condition in connection with the New York City Correction Officers' Benevolent Association ("COBA")'s motion for restitution under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA").  *See* ECF No. 92, at 2.  Pursuant to the remand, I ordered Defendant to submit information regarding his ability to pay restitution, with a copy to COBA.  *See* ECF Nos. 117, 123.  Defendant now moves to reconsider the Court's order to share the submitted information with COBA, claiming privacy interests in his personal finances and indicating that which he asks to file under seal.  For the reasons discussed below, Defendant's motion is denied.

## Discussion

        The public has a qualified right of access to judicial documents under both the common law and the First Amendment.  *See Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 10 (1986) (First Amendment right of access to preliminary hearings); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978) (common-law right of access to judicial documents).  Courts in the Second Circuit have recognized this right of access to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir.2006);

*United States v. Sattar*, 471 F.Supp.2d 380, 384 (S.D.N.Y.2006) (collecting cases). This right of access extends also to materials submitted to the court in connection with sentencing. *See United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir.2005) ("[A] qualified First Amendment right of public access attaches to sentencing proceedings."); *United States v. Park*, 619 F.Supp.2d 89, 93–94 (S.D.N.Y.2009).

The common-law presumption of access can be overcome only if a sufficiently compelling countervailing interest is demonstrated. *See Lugosch*, 435 F.3d at 120; *Sattar*, 471 F.Supp.2d at 387. Similarly, the First Amendment right can be overcome only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press Enterprise*, 478 U.S. at 13–14 (internal quotation marks and citation omitted); *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). The party seeking to seal the documents in question bears the burden of showing that higher values overcome the presumption of access. *See Lugosch*, 435 F.3d at 124; *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir.1997)).

Defendant here contends that certain information regarding his finances should be shielded from COBA. Defendant has failed to show that there is a sufficiently compelling interest in overcoming either the common-law or First Amendment right to access. The Second Circuit mandated the Court to "reconsider its assessment of [Defendant's] culpability and *financial condition* in light of the new evidence presented by [COBA] and any other factors found relevant by the [Court.]" ECF No. 92, at 2 (emphasis added). Information that Defendant seeks to keep confidential speaks directly to Defendant's financial condition. As the moving party, with standing as a victim of Defendant's crime, and asserting its rights under the CVRA,

2

COBA has an important need to access, and assess, the information submitted by Defendant. *See United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (finding defendant's privacy interest in medical records is minimized where the defendant's medical information is submitted to the court "in an attempt to mitigate his sentence").[1]  Defendant's reliance on *Charmer Industries* is misplaced. *See United States v. Charmer Indus., Inc.*, 711 F.2d 1164 (2d Cir. 1983). There, the Second Circuit held that a district court "should not authorize disclosure of a presentence report to a third person in the absence of a compelling demonstration that disclosure of the report is required to meet the ends of justice." *Id.* at 1175. The disclosure of a presentence investigation report, encompassing information far beyond a defendant's financial condition, is not at issue here. The Court is considering directly relevant information, not personal history and background, for sentencing.

Ordinarily, privacy interests of non-involved family members would justify sealing. But here, the large and unexplained transfers of large sums among family members, allowing Defendant to continue a lavish life style and to prefer some debts over others, compels disclosure, not sealing. *Cf., United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir.1995) ("We have previously held that '[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'") (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir.1990)). The Court will have to consider these inter-family movements of funds in responding to the issues posed by the Second Circuit mandate. Both COBA and Defendant are expected to argue restitution issues in relation to these transfers.

---

[1] Rule 49.1(a) of the Federal Rules of Criminal Procedures authorizes the redaction of certain personal identifying information, including "social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual." Fed. R. Crim. P. 49.1(a). Defendant does not claim that the information he seeks to redact implicates any of the foregoing categories.

3

The public interest in an accountable judiciary outweighs the interests of privacy that Defendant asserts.

## Conclusion

Defendant's motion to reconsider the Court's prior order is denied.  Defendant's submissions will be filed on ECF and provided to COBA.

The Clerk is instructed to terminate the open motions (ECF Nos. 125, 126).

SO ORDERED.

Dated:  January 13, 2021         /s/ Alvin K. Hellerstein
        New York, New York       ALVIN K. HELLERSTEIN
                                 United States District Judge

4