## SHER TREMONTE LLP

April 1, 2026

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007



   **Re:**  ***United States v. Jona Rechnitz***, 16 Cr. 389 (KPF)

Dear Judge Failla:

  We respectfully submit this letter on behalf of defendant Jona Rechnitz in connection with the above-referenced matter.  We appreciate the Court's grant of our request to delay Mr. Rechnitz's surrender date to make time for him to address family affairs.  We write on behalf of our client, however, pursuant to Rule 46(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(b)(1) to respectfully request that the Court reconsider its decision denying bail pending appeal.  The government opposes this request.

### *Legal Framework*

  A court "shall order" bail pending appeal if (a) there is "clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released" and (b) "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal . . . [or] a reduced sentence to a term of imprisonment less than . . . the expected duration of the appeal process." 18 U.S.C. §3143(b).  When a defendant satisfies this standard, bail is "mandatory."  *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004).

  Courts have held that an appeal is not for the purpose of delay where it is brought in good faith and raises substantial questions of law or fact.  *See, e.g.*, *United States v. Hart*, 906 F. Supp. 102, 105 (N.D.N.Y. 1995).  To be "substantial," a question need only be "one of more substance than would be necessary to a finding that it was not frivolous" – in other words, "a 'close' question or one that very well could be decided the other way," or one that is "novel, which has not been decided by controlling precedent." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (internal quotation marks omitted).  In this regard, a defendant need not prove that he is likely to succeed on the merits of the substantial questions he raises – and the Court should not base its decision

Hon. Katherine Polk Failla
April 1, 2026
Page 2

on its prediction of the "probability of reversal" – rather, it is sufficient that if the defendant does succeed, reversal or a reduction of the defendant's sentence would be likely. *Id.* at 124-25.

### Mr. Rechnitz Is Not a Flight Risk or Danger to the Community

As the Court is aware, Mr. Rechnitz has been on release for nearly ten years since his cooperation began in 2016 and has complied with all conditions of release without incident. Mr. Rechnitz has deep family ties—he is married with six children—is gainfully employed, and has paid the full amount of restitution ordered by the Court. There is simply no basis to conclude that Mr. Rechnitz poses any risk of flight or danger to the community. The government did not argue otherwise at sentencing, and the Court did not find any such risk. Accordingly, there is "clear and convincing evidence that [Mr. Rechnitz] is not likely to flee or pose a danger to the safety of any other person or the community" if bail is continued pending appeal. 18 U.S.C. § 3143(b); *see Hart*, 906 F. Supp. at 105 (finding no risk of flight or danger where defendant had adhered to bail conditions, made all required appearances, and had strong community ties).

### Mr. Rechnitz's Appeal Is Not for the Purpose of Delay and Raises Substantial Questions of Law

Mr. Rechnitz is not pursuing his appeal for dilatory purposes. Rather, his appeal raises important questions of law, including whether the Court erred by (1) failing to adequately explain its imposition of a five-month sentence of imprisonment; and (2) by reimposing effectively the same sentence originally imposed by Judge Hellerstein six years prior. Should the Second Circuit find error in this Court's sentencing analysis, Mr. Rechnitz's sentence would likely be reduced.

#### A. The Court Failed to Adequately Explain Mr. Rechnitz's Sentence

The Court erred by failing to state the reasons for sentencing Mr. Rechnitz to a five-month term of incarceration. 18 U.S.C. § 3553(c) requires a sentencing court to state "the reasons for its imposition of the particular sentence." Although a court is not required to discuss every factor contained in 18 U.S.C. § 3553(a) individually, it "must provide *some* oral account of its reasoning that would permit an understanding of how the district court weighed the relevant considerations and selected the sentence imposed." *United States v. Rosa*, 957 F.3d 113, 119-20 (2d Cir. 2020). The Second Circuit has made clear that a district court's failure to "adequately explain the chosen sentence" constitutes plain error. *See id.* at 120, 122; *see also United States v. Pugh*, 945 F.3d 9, 27 (2d Cir. 2019) ("The Supreme Court has identified as a 'significant procedural error' the failure 'to adequately explain the chosen sentence.'") (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)); *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013).

Here, the Court's only stated reason for imposing the term of incarceration that it imposed was the "seriousness the offense." *See* Sentencing Tr. at 40:24-41:1; *see also id.*

Hon. Katherine Polk Failla
April 1, 2026
Page 3

at 41:5-7 ("But given the nature of the conduct I cannot go to the sentence that he wishes me to go to.").[1]  "Those comments do not provide a basis for understanding why the particular sentence was imposed." *Pugh*, 945 F.3d at 27.  And though the Court stated that it considered "all of the factors set forth in Section 3553(a)" and read "all of the submissions in connection with sentencing," *see* Sentencing Tr. at 42:11-16, "the fact that the court considered the § 3553(a) factors and arguments does not satisfy the separate obligation under § 3553(c) to explain in open court how its consideration led to the sentence imposed." *Rosa*, 957 F.3d at 118.

The Court's limited explanation of its sentence also failed to address the unwarranted sentencing disparities between Mr. Rechnitz and his co-defendants, which Mr. Rechnitz raised during his sentencing before the Court and in his supplemental sentencing submission.  *See* Sentencing Tr. at 29:11-30:14; ECF No. 252 at 6.  Mr. Rechnitz's sentence of five months of incarceration constitutes an anomalous disparity.  As discussed, Murray Huberfeld was resentenced to seven months by Judge Liman, Jeremy Reichberg served approximately thirteen months' incarceration, and Michael Harrington was not sentenced to a term of incarceration.  *See* Sentencing Tr. at 29:11-30:14.  Mr. Rechnitz cooperated against all of these individuals and was instrumental in securing their convictions.  Cooperators in this District who testify in even one trial almost invariably receive substantially lower sentences than the defendants against whom they testified.  As the Court is aware, Mr. Rechnitz testified in *three trials* but nonetheless received a sentence squarely in the middle of those imposed on the non-cooperating defendants.  The Court's failure to address the disparity between Mr. Rechnitz's and his co-defendants' sentences raises a substantial question about whether the Court adequately considered the § 3553(a) factors.

### B.  The Court Failed to Consider Mr. Rechnitz's Updated Circumstances

The Court also erred by ignoring the "intervening developments" in Mr. Rechnitz's life between the date of his resentencing and his first sentence in 2019 by Judge Hellerstein.  *See United States v. Hernandez*, 604 F.3d 48, 53 (2d Cir. 2010).  As the Second Circuit has repeatedly held, a court is "required to resentence the defendant in light of the circumstances as they stood at the time of resentencing." *Villanueva v. United States*, 893 F.3d 123, 132 (2d Cir. 2018) (quoting *Werber v. United States*, 149 F.3d 172, 178 (2d Cir. 1998)).

In *Hernandez*, the Second Circuit vacated and remanded a resentencing where the district court re-imposed the same 405-month sentence after a fifteen-year delay without properly considering the defendant's rehabilitation and other intervening developments.  604 F.3d at 54-55.  At the resentencing, the defendant presented evidence that he

---

[1]    With respect to the seriousness of Mr. Rechnitz's offense, the Court put undue emphasis on Mr. Rechnitz's involvement with public officials.  *See* Sentencing Tr. at 40:9-11.  However, as the Court is aware, the primary conduct to which Mr. Rechnitz pleaded guilty is private honest services fraud and did not involve any public corruption.

Hon. Katherine Polk Failla
April 1, 2026
Page 4

"succeeded at numerous vocational and educational efforts" and had no "record of any misconduct" during the time between his sentencings. *Id.* at 53. The district court "neither credited nor discredited" the evidence of "intervening developments" in the defendant's life, and instead "reapeted[ly] emphasi[zed] . . . the seriousness of the offense conduct." *Id.* at 54-55. In reversing the district court's decision, the Second Circuit emphasized that the court's finding regarding the seriousness of the offense conduct "was of course available-and made" during the initial sentencing. *Id.* at 55. By focusing on "the severity of the offense" and "overlook[ing]" the evidence post-dating the defendant's initial sentencing, the district court failed "to resentence [the] defendant in light of the circumstances as [he] [stood] at the time of his resentencing." *Id.* 54-55.

So too here. The Court failed to credit, or even discuss, the intervening developments in Mr. Rechnitz's life, which have been substantial. As explained at sentencing and in his supplemental sentencing submission, Mr. Rechnitz has undergone significant rehabilitation since his sentencing in 2019. He paid restitution in the full amount determined by the Court, has led a law-abiding life, maintained gainful employment, continued to cooperate with the government, and engaged in religious and charitable work. *See* Sentencing Tr. at 28:17-29:10; ECF No. 252 at 5-8. Indeed, the Court noted that Mr. Rechnitz "has remained law abiding . . . over an extended period of time," "promptly paid the restitution figured assessed," and "done all that [he] can to atone for the criminal conduct in which [he] engaged." *See* Sentencing Tr. at 40:2-21. Moreover, and as discussed above, the reduced sentences served by the defendants against whom Mr. Rechnitz cooperated present additional intervening developments not considered by the Court. Finally, the Court did not address the fact that Mr. Rechnitz lived in a state of purgatory during the six years he waited to be resentenced. It was error for the Court not to address these intervening developments as part of its analysis of the § 3553(a) factors. *See Hernandez*, 604 F.3d at 55; *Villanueva*, 893 F.3d at 132.

### *Conclusion*

The issues Mr. Rechnitz's raises are non-frivolous, merit serious consideration by appellate judges, and present at least the possibility of reversal, even if the Court thinks him unlikely to prevail. And because the sentence imposed in this case was five months' incarceration, the bulk, if not entirety, of the time he will spend in BOP custody will have lapsed by the time Mr. Rechnitz is able to obtain a decision on his appeal. *See* U.S. Admin. Office of Courts, U.S. Court of Appeals Summary, Mar. 31, 2022,[2] (noting that median time from filing notice of appeal to disposition in Second Circuit is 12.5 months).

For the foregoing reasons, the Court should grant bail pending appeal.

---

[2] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appsumary0331.2022.pdf.

Hon. Katherine Polk Failla
April 1, 2026
Page 5

Respectfully submitted,

/s/ *Noam Biale*
Noam Biale
SHER TREMONTE LLP

*Attorney for Jona Rechnitz*

cc:     All counsel of record (by ECF)

Application DENIED.

Defendant has presented no basis for the Court to reconsider its prior decision, and the Court does not believe that the sentence is procedurally or substantively unreasonable.

The Clerk of Court is directed to terminate the pending motion at docket entry 265.

Dated:     April 2, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE